1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9  HEATHER MATTSON and ROMAN BORISOV,)                3:15-cv-00182-LRH-WGC
                                                  )
10                     Plaintiffs,                )
                                                  )                    **ORDER**
11            vs.                                 )
                                                  )              **Re:  ECF No. 24**
12  JEH JOHNSON, et al.,                          )
                                                  )
13                     Defendants.                )
   _____)

14

15        Before the court is Plaintiffs' Motion to Compel Defendants to Supplement and Correct the

16  Administrative Record.  (ECF No. 24.)[1] Defendants have responded (ECF No. 32) and Plaintiffs have

17  replied (ECF No. 33).[2]

18                                **BACKGROUND**

19        Plaintiffs initiated this action under the Administrative Procedure Act to appeal the decision of

20  the Board of Immigration Appeals affirming the decision of the Department of Homeland Security

21  (DHS) to revoke Plaintiff Mattson's Petition for Alien Relative on behalf of her husband, Roman

22  Borisov. (ECF No. 2.) Plaintiffs' motion seeks an order of the court requiring the Defendants to produce

23  "all documents illegally withheld from the Record and to remove the assigned AKA from the

24  certification page of the Record." (ECF No. 24 at 1.) More specifically, Plaintiffs request the court to

25  _____

26        [1]  Refers to court's Electronic Case Filing number.

27        [2] Plaintiffs' motion fails to include the certification required by L.R. 26-7 that before Plaintiffs filed the motion,
   Plaintiffs undertook a "meet and confer" conference to attempt to resolve the discovery dispute. Had the parties done so, it
28  is likely that two of the three components of Plaintiffs' motion could have been resolved without the necessity of filing a
   discovery motion. Without excusing Plaintiffs' failure to comply with this important provision of the Local Rules, the court
   will nonetheless address the substance of Plaintiffs' motion.

1   order Defendants to produce "the documents the [Department of Homeland Security] has relied on to

2   arrive at the factual contentions stated above." (*Id*., at 7.)[3]

3       Plaintiffs request production of the documents comprising Exhibit F, "[Plaintiff Borisov's] Cell

4   Phone Billing Statements from March/April 2005." (*Id*., at 8.)

5       Last, Plaintiffs seek to have an "AKA" ("Roman Oleguvcki") that DHS attributed to Plaintiff

6   Borisov removed from the certification page of the record.

7       The Defendants' response acquiesces in at least two of the three topics of Plaintiffs' motion.

8   Defendants represent that Exhibit F was "inadvertently omitted" from the Administrative Record.

9   Defendants have provided a certified copy of that document. (ECF No. 32 at 2; 32-1 at ¶ 12.)

10       Defendants also state that the United States Citizenship and Immigration Services (USCIS)

11   "mistakenly included the AKA reference to Plaintiff Borisov on the administrative record's certification

12   page." Defendants  represent that the "AKA reference was merely a mistaken spelling of Plaintiff

13   Borisov's middle name – not an attempt to smear him." (ECF No. 32 at 3.) The declaration

14   accompanying the Defendants' response represented that the USCIS "has removed the entire AKA from

15   a new Certification of Documents cover page" and attached a new cover page for the Administrative

16   Record. (ECF No. 32-1 at 2, ¶ 11.)

17       Plaintiffs' reply memorandum states they "appreciate Defendants' decision to remove the

18   mistakenly assigned AKA of 'Roman Oleguvcki' from the record" and recognizes that Defendants have

19   supplemented the record with the previously omitted Exhibit F. (ECF No. 33 at 3.)  Therefore, since the

20   parties have reached a consensus as to the alleged AKA and the omitted documents comprising

21   Exhibit F, these two components of the discovery motion are moot.

22       However, the parties are in disagreement as to the handling of what has been called the "Gia

23   statement."[4] Plaintiffs argue they were not provided this two-page handwritten statement either during

24   the DHS proceedings (ECF No. 24 at 3) or during the BIA appeal (*id*., at 5). Instead, Plaintiffs state they

25   were only provided, and the two prior decisions were based on, what information Gia had allegedly

---

27   [3] The "factual contentions stated above" are not clearly articulated but appear to revolve around how certain DHS agents secured a statement from Plaintiff's former wife, Gia (Georgia) Bufalino, which was relied upon in part at least by DHS in revoking Plaintiff Mattson's Petition for Alien Relative.

28   [4] Gia is Georgia "Gia" Bufalino, Plaintiff Borisov's former spouse.

1  informed DHS agents which was then summarized in the agents' reports. (ECF No. 24 at 4-5.) Plaintiffs
2  contend they were only provided "Gia's two-page handwritten statement" on May 6, 2015,
3  approximately six weeks after this lawsuit was commenced. (*Id.*, at 6.)[5]

4      Plaintiffs therefore request this court to order the Defendants "to produce the documents the DHS
5  has relied on to arrive at the factual contentions stated above" (e.g., how the INS agent contacted Gia,
6  the circumstances surrounding the Gia statement, etc.). (*Id.*, at 7.)

7      Defendants contend the Gia statement is contained within Plaintiff Borisov's USCIS "A" file.
8  However, Defendants admit the statement does not include the date and name of the officer who
9  received the statement. (Hawley Affidavit, ¶¶ 5-7; ECF No. 32-1, ECF No. 32 at 2.)

10      To apparently clarify this oversight or omission, representatives of USCIS "visited Ms. Bufalino
11  at her place of employment" on August 27, 2015, at which time she "clarified" the statement she made
12  "in 2004ish." Defendants submit a "Record of Sworn Statement" dated 8-27-15, the contents of which
13  are attributed to Ms. Bufalino. (ECF No. 32 at 2.)[6]

14      Plaintiffs take exception to including the August 2015 statement. (ECF No. 33 at 5.) Plaintiffs
15  contend this court's role is to review the decision "based on the record that was before the agency at the
16  time of the agency action." Plaintiffs argue amending the record to include the 2015 statement would
17  be inconsistent with proper judicial review of an administrative record. Plaintiffs also seek the court to
18  find that "Defendants have failed to produce any document to support certain conclusions within the
19  USCIS revocation decision." (*Id.*, at 8.)

20  **DISCUSSION**

21      As noted above, two of the three components of Plaintiff's motion have been resolved and are
22  considered moot. The third component of Plaintiffs' motion revolves around Defendants' utilization of
23  the new Gia statement and Plaintiffs' request for a declaration of some sort by the court that "Defendants
24  have failed to produce any document to support certain conclusions within the USCIS revocation
25  decision." (ECF No. 33 at 8.)

27  [5] Plaintiffs also contend there are other errors in the form and content of the Gia statement, mainly the utilization of an INS investigator's report form (ECF No. 24 at 6), which will not be addressed in this order.

28  [6] The court notes the supplemental statement was signed on August 27, 2015, but apparently this statement was first produced to Plaintiffs by way of an exhibit to Defendants' response. (ECF No. 32-1 at 3-5.)

1       Plaintiffs filed a motion to compel the Defendants to not only "correct the administrative record,"

2 but to "supplement" the record. However their motion appears to be more of a motion in limine than

3 it does a motion to compel, at least insofar as the "Gia statement' is concerned. Nevertheless the court

4 agrees with Plaintiffs that a statement obtained from a witness in 2015 which was somehow intended

5 to clarify certain statement the witness made "in 2004ish" would be in appropriate to embellish the

6 record now before the court. *Florida Power and Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)*, citing*

7 *Camp v. Pitts*, 411 U.S. 138, 142 (1973): "[T]he focal point for judicial review should be the

8 administrative record already in existence, not some new record made initially in the reviewing court."

9       Therefore, the court concludes the supplement to the Gia statement (Exhibit A to Defendants'

10 response, ECF No. 32-1 at 3-5) should not be made part of the Administrative Record.

11       The second aspect of Defendants' motion, i.e., that this court should note "that Defendants have

12 failed to produce any document to support certain conclusions within the USCIS revocation decision,"

13 is beyond the scope of a motion to compel. Such an argument is better suited to an argument such as in

14 a motion for summary judgment.  Plaintiffs' request for relief in that respect is denied.

15 **<u>CONCLUSION</u>**

16       1) The component of Plaintiffs' motion which seeks removal of the "mistakenly assigned AKA

17 of Roman Oleguvcki" from the record certification page is **denied as moot.**

18       2) The component of Plaintiffs' motion which seeks to supplement the record with previously

19 omitted Exhibit F is **denied as moot.**

20       3)  The component of Plaintiffs' motion which seeks to preclude supplementing the record with

21 the 2015 Gia statement (as the court interprets Plaintiff's motion) is **granted.**

22       4. The component of Plaintiffs' motion which seeks a broad declaration that Defendants have

23 failed to produce documentation outside of the previously established record **is denied.**

24 **IT IS SO ORDERED.**

25 DATED:  December 31, 2015.

26 _____

    WILLIAM G. COBB

27     UNITED STATES MAGISTRATE JUDGE

28

4