1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

HEATHER MATTSON and ROMAN
BORISOV,

      Plaintiffs,

v.

JEH JOHNSON, *et al.*,

      Defendants.

3:15-CV-00182-LRH-WGC

<u>ORDER</u>

      Before the Court is Defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment. Doc. #20 and 21. Plaintiffs Heather Mattson and Roman Borisov (collectively "Plaintiffs") filed a Response (Doc. #29), to which Defendants replied (Doc. #34). Also before the Court is Plaintiffs' Motion for Summary Judgment. Doc. #22. Defendants filed a Response (Doc. #26), to which Plaintiffs replied (Doc. #36). Additionally, Plaintiffs filed a Motion to Amend their Complaint. Doc. #31. Defendants filed a Response (Doc. #35), to which Plaintiffs replied (Doc. #38).

**I. Factual Background**

      Plaintiffs' first cause of action in this case involves a Freedom of Information Act ("FOIA") request. On March 12, 2012, the National Records Center ("NRC") of the United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), received a FOIA request from Plaintiff Roman Borisov ("Borisov"). On March 12, 2012, the NRC informed Borisov that it had received his FOIA

1

1  request and it was placing his request on the "complex track" for processing.  The NRC sent

2  Borisov a letter dated July 20, 2012, providing him with responsive material and describing what

3  was being withheld.  The letter also informed Borisov that he had the right to appeal the USCIS's

4  FOIA determination within 60 days of July 20, 2012.  There is a dispute as to when Borisov

5  received this letter, since despite the fact the letter is dated July 20, 2012, Borisov alleges that he

6  received it in September of 2012.

7        On March 27, 2015, Plaintiffs filed their initial Complaint.  Doc. #2.  On July 15, 2015,

8  Borisov filed an appeal to the FOIA response.  The USCIS responded to Borisov's appeal in a

9  letter dated July 28, 2015, stating that the USCIS was denying the appeal because it had not been

10  received within 60 days of July 20, 2012.  On September 10, 2015, Plaintiffs filed an Amended

11  Complaint.  Doc. #12.  On November 16, 2015, Defendants filed a Motion to Dismiss, or

12  Alternatively, Motion for Summary Judgment on the FOIA claim.  Doc. #20 and 21.  Also on

13  November 16, 2015, Plaintiffs filed a Motion for Summary Judgment on the FOIA claim.  Doc.

14  #22.  On December 10, 2015, Defendants filed a Response to Plaintiffs' Motion for Summary

15  Judgment.  Doc. #27.  Also, on December 10, 2015, Plaintiffs filed a Response to Defendants'

16  Motion to Dismiss, or Alternatively, Motion for Summary Judgment.  Doc. #29.  On December

17  13, 2015, Plaintiffs filed a Motion to Amend.  Doc. #31.  On December 28, 2015, Defendants

18  filed a Reply in support of their Motion to Dismiss, or Alternatively, Motion for Summary

19  Judgment.  Doc. #34.  Also on December 28, 2015, Defendants filed a Response to Plaintiffs'

20  Motion to Amend.  Doc. #35.  Additionally on December 28, 2015, Plaintiffs filed a Reply in

21  support of their Motion for Summary Judgment.  Doc. #36.  Finally, on January 3, 2016,

22  Plaintiffs filed a Reply in support of their Motion to Amend.  Doc. #38.

23  **II. Legal Standard**

24        A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or

25  factual.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004).  A facial 12(b)(1) motion

26  involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1)

27  motion permits the court to look beyond the complaint to extrinsic evidence.  *Id*.  When a

28  defendant makes a facial challenge, all material allegations in the complaint are assumed true,

2

1    and the court must determine whether lack of federal jurisdiction appears from the face of the

2    complaint itself.  *Thornhill Publ'g Co. v. General Tel. Elec*., 594 F.2d 730, 733 (9th Cir.1979).

3        To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the

4    Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *Mendiondo v. Centinela Hosp.*

5    *Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and

6    plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

7    8(a)(2).  The 8(a)(2) pleading standard does not require detailed factual allegations, but a

8    pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a

9    cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

10   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

11       To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

13   (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual

14   content allows the Court to draw the reasonable inference, based on the Court's "judicial

15   experience and common sense," that the defendant is liable for the misconduct alleged.  *See id.* at

16   678-79.  The plausibility standard "is not akin to a probability requirement, but it asks for more

17   than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

18   that are merely consistent with a defendant's liability, it stops short of the line between

19   possibility and plausibility of entitlement to relief."  *Id.* at 678 (internal quotation marks

20   omitted).

21       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

22   true.  *Id.*  The "factual allegations that are taken as true must plausibly suggest an entitlement to

23   relief, such that it is not unfair to require the opposing party to be subjected to the expense of

24   discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

25   Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the

26   elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*,

27   572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal

28   quotation marks omitted).  The court discounts these allegations because "they do nothing more

1   than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation."

2   *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the

3   non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

4   suggestive of a claim entitling the plaintiff to relief." *Id.*

5       Summary judgment is appropriate only when the pleadings, depositions, answers to

6   interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the

7   record show that "there is no genuine issue as to any material fact and the movant is entitled to

8   judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary

9   judgment, the evidence, together with all inferences that can reasonably be drawn therefrom,

10  must be read in the light most favorable to the party opposing the motion. *Matsushita Elec.*

11  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty. of Tuolumne v. Sonora Cmty.*

12  *Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). A motion for summary judgment can be complete

13  or partial, and must identify "each claim or defense—or the part of each claim or defense—on

14  which summary judgment is sought." Fed. R. Civ. P. 56(a).

15      The party moving for summary judgment bears the initial burden of informing the court

16  of the basis for its motion, along with evidence showing the absence of any genuine issue of

17  material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it

18  bears the burden of proof, the moving party must make a showing that no "reasonable jury could

19  return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

20  (1986). On an issue as to which the nonmoving party has the burden of proof, however, the

21  moving party can prevail merely by demonstrating that there is an absence of evidence to support

22  an essential element of the non-moving party's case. *Celotex*, 477 U.S. at 323.

23      To successfully rebut a motion for summary judgment, the nonmoving party must point

24  to facts supported by the record that demonstrate a genuine issue of material fact. *Reese v.*

25  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that

26  might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248.

27  Where reasonable minds could differ on the material facts at issue, summary judgment is not

28  appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

4

1  fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict

2  for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of

3  evidence in support of the party's position is insufficient to establish a genuine dispute; there

4  must be evidence on which a jury could reasonably find for the party.  *See id*. at 252.

5  "[S]peculative and conclusory arguments do not constitute the significantly probative evidence

6  required to create a genuine issue of material fact." *Nolan v. Cleland*, 686 F.2d 806, 812 (9th

7  Cir. 1982).

8  　　　　A party may amend its pleadings after a responsive pleading has been filed by leave of

9  court.  Fed. R. Civ. P. 15(a)(2).  Leave of court to amend should be freely given when justice so

10  requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving

11  party.  *See Wright v. Incline Village General Imp. Dist*., 597 F.Supp.2d 1191 (D. Nev. 2009);

12  *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

13  **III. Discussion**

14  　　　　Defendants argue as a preliminary matter that because Plaintiffs failed to exhaust their

15  administrative remedies, this Court lacks subject matter jurisdiction to consider their FOIA

16  challenge, and consequently, their FOIA claim should be dismissed.  Plaintiffs argue that

17  because Borisov received the letter in September of 2012, he did not have time to appeal and that

18  the Court should excuse the delay.

19  　　　　The FOIA clearly requires a party to exhaust all administrative remedies before seeking

20  redress in the federal courts.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *Dresser

21  Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir.1979); *Hedley v. United States*, 594

22  F.2d 1043, 1044 (5th Cir.1979) (per curiam); *Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52, 58

23  (D.C.Cir.1987); *In re Steele*, 799 F.2d 461, 465 (9th Cir.1986); *Brumley v. U.S. Dept. of Labor*,

24  767 F.2d 444, 445 (8th Cir.1985) (per curiam); *Stebbins v. Nationwide Mutual Ins. Co*., 757 F.2d

25  364, 366 (D.C.Cir.1985); *Cazalas v. United States Dept. of Justice*, 660 F.2d 612 (5th Cir.1981).

26  This is "so that the agency has an opportunity to exercise its discretion and expertise on the

27  matter and to make a factual record to support its decision. .... The exhaustion requirement also

28  allows the top managers of an agency to correct mistakes made at lower levels and thereby

5

obviates unnecessary judicial review." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir.1990) (citing *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)); *see also Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C.Cir.1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases.") (citing *Stebbins*, 757 F.2d at 366). Further, "[i]f there is to be any uniformity in FOIA interpretations within a given agency, and if agencies are to have an opportunity to revise their responses in light of intervening responses to the same FOIA request by other agencies, such uniformity can best be afforded through the administrative appeal process." *Oglesby*, 920 F.2d at 64-65. In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail. *Bruzon v. Drug Enf't Admin.*, 576 F. Supp. 2d 1, 3 (D.D.C. 2008). "[F]oregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies." *Oglesby*, 920 F.2d at 65. Moreover, exhaustion of administrative remedies is a perquisite to subject matter jurisdiction and dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the plaintiff failed to exhaust his or her administrative remedies. *See United States v. Steele (In re Steele)*, 799 F.2d 461, 465-66 (9th Cir.1986).

Here, it is clear that Borisov did not exhaust his administrative remedies before filing suit, and thus, this Court lacks subject matter jurisdiction over the FOIA claim. The law and the letter Plaintiff received clearly stated that he had 60 days in which to file an appeal, and Borisov did not do so in that time. Even if the Court accepts that he received the letter in September of 2012, nothing excuses the fact that he did not file an appeal within 60 days of that date. Instead, he waited nearly three years, and only filed an appeal after he had already filed the complaint in this case. Moreover, Plaintiff provides no adequate justification to excuse his lengthy delay. Additionally because Plaintiff Heather Mattson never filed a FOIA request, much less appealed one, there was no exhaustion there either. Because Plaintiffs failed to exhaust their administrative remedies, this Court dismisses their FOIA claim for lack of subject matter jurisdiction with prejudice as any amendment would be futile. Specifically, Plaintiff requests

leave to amend to add the DHS as a defendant if necessary; however, this would have no effect on the underlying exhaustion of administrative remedies issue, which is dispositive, and thus there is no need to address the motion for leave to amend, and it is denied as moot.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Freedom of Information Act claim (Doc. #20) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Freedom of Information Act claim is DISMISSED from Plaintiffs' First Amended Complaint with prejudice.  (Doc. #12).

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. #21) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. #22) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend (Doc. #31) is DENIED as moot.

IT IS SO ORDERED.

DATED this 23rd day of February, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE