UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| HEATHER MATTSON AND ROMAN BORISOV,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN F. KELLY, et al.,<br><br>    Defendants. | 3:15-cv-00182-LRH-WGC<br><br>ORDER |

Before the court is Plaintiffs' motion for reconsideration (ECF No. 53) of the court's February 10, 2017 order (ECF No. 52). Plaintiffs have also moved to extend time for the re-filing of cross motions for summary judgment. ECF No. 54.

The parties are familiar with the facts and procedural history of this case, which the court described at length in its previous order. *See* ECF No. 52. In that order, the court denied Plaintiffs' motion for Rule 11 sanctions against Defendants and denied both parties' summary-judgment motions without prejudice, granting them leave to re-file their motions within 30 days of the order. *Id*.

While Plaintiffs now move for reconsideration of that order, they do "not seek to change the court's ultimate ruling on" their sanctions motion. ECF No. 53 at 1. Rather, Plaintiffs "seek reconsideration or clarification, as appropriate, of a single paragraph within" the order:

> Moreover, there is no merit to Plaintiffs' argument that the record does not support the basic assertion that immigration agents interviewed Bufalino and that she provided them her original statement. Her statement is contained within an INS form, and there is no plausible explanation for why this completed form would exist if Bufalino was not interviewed by immigration agents.

*Id*. at 2 (quoting ECF No. 52 at 7). Plaintiffs argue that, based on this language, the court made a factual finding that Bufalino was interviewed by immigration agents and provided them her original handwritten statement. *Id*. However, Plaintiffs assert that the amended administrative record does not support this finding because the INS form that the court referenced was "concealed from Plaintiffs during the entire course of the administrative proceedings." *Id*. Plaintiffs devote the remainder of their motion to describing how they could have challenged the form's authenticity and/or credibility during the administrative proceedings. *Id*. at 2–4.

The court finds that these arguments are only appropriate for the parties' cross motions for summary judgment and will therefore deny Plaintiffs' motion for reconsideration. Moreover, in its last order, the court only sought to determine whether Defendants made factually misleading statements in their original summary-judgment motion and whether sanctions were therefore warranted. Only when the court rules on the parties' re-filed summary-judgment motions will it ultimately determine—as appropriate for the relevant standard of review—whether the record supported the agency's findings.

IT IS THEREFORE ORDERED that Plaintiffs' motion for reconsideration (ECF No. 53) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' motion to extend time (ECF No. 54) is **GRANTED**. Plaintiffs and Defendants may re-file their motions for summary judgment within 30 days of the date of this order. The parties may file a response to the re-filed motions for summary judgment within 30 days of each motion being re-filed and may then file a reply within 30 days of the responses.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is substituted by John F. Kelly as the Secretary of the Department of Homeland Security and Loretta E. Lynch is substituted by Jeff Sessions as the United States Attorney General.

IT IS SO ORDERED.

DATED this 24th day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE